**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HINAL PATEL** | |
| | **CIVIL ACTION** |
| **VERSUS** | |
| | **CASE NO. 25-1090-JWD-EWD** |
| **CELTIC BANK CORPORATION and TRANSAMERICA LIFE INSURANCE COMPANY** | |

**ORDER**

Plaintiff and Counter-Defendant, Hinal Patel ("Patel"), has filed a *Rule 12(b)(6) Motion to Dismiss Counterclaim and Alternative Rule 12(e) Motion for More Definite Statement* (Doc. 26) ("*MTD*") in which Patel claims that the counterclaims by Defendant and Counter-Plaintiff Celtic Bank Corporation ("Celtic Bank") fail for a number of reasons.  Specifically, Patel argues:

(1) "Celtic Bank's Counterclaim pleads no facts to support a Counterclaim against Plaintiff. Indeed, the Counterclaim contains not a single reference to Plaintiff besides naming her as a counter-defendant and alleging her domicile for jurisdictional purposes." (Doc. 26-1 at 3.)

(2) Celtic Bank's Counterclaim "is redundant of Plaintiff's claims" and thus should be dismissed. (*Id.* at 4–5.)

(3) Celtic Bank has no claim for attorney's fees against Patel. (*Id.* at 5–6.)

Patel thus contends that the *Counterclaim* (Doc. 21 at 8–12) is defective for failing to articulate a plausible claim (as required by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Celtic Bank maintains that its *Counterclaim* withstands the challenges raised by the *MTD*. (*See* Doc. 36.) Celtic Bank argues in the alternative that, if there are any pleading deficiencies, Celtic Bank be granted leave to amend to cure same. (*See id.* at 9–10.)

The Court reviewed the motion. Without expressing any view as to its merits, the Court affords Celtic Bank an opportunity to cure the purported pleading defects; the Court grants Celtic Bank leave to file an amended counterclaim, in accordance with Fed. R. Civ. P. 15(a)(2). *See Jordan v. Gautreaux*, 593 F. Supp. 3d 330, 372–73 (M.D. La. 2022) (granting leave to amend in response to successful Rule 12(b)(6) motion when no prior amendment was given in response to ruling from the Court).

An amended counterclaim must plead specific factual allegations that, if true, would "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679. Celtic Bank will be given **fourteen (14) days** in which to amend the operative counterclaim to plead viable claims. Celtic Bank's responsive pleading should also be **self-contained** and include all defenses, allegations, and claims made by Celtic Bank against Patel (and any other party). Patel will have **fourteen (14) days** thereafter to file any responsive pleadings. Celtic Bank is advised that, if Patel files a second motion to dismiss which the Court ultimately grants, it is highly likely the Court will deny leave to amend due to futility.

In that vein, Celtic Bank's counsel is reminded that there must be a good faith basis in law and fact to assert any claims in the amended counterclaim. *See* Fed. R. Civ. P. 11. However, Patel is likewise reminded that, if Celtic Bank has successfully cured the deficiencies of his prior counterclaim, Patel should not file another Rule 12 motion. *See id.* The Court notes that its docket is highly congested right now as a result of a number of emergency motions involving federal and state action, so the parties should conduct themselves so as to promote judicial economy and conserve party and judicial resources. *See* Fed. R. Civ. P. 1 (stating that the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

2

Accordingly,

**IT IS ORDERED** that Plaintiff's *Rule 12(b)(6) Motion to Dismiss Counterclaim and Alternative Rule 12(e) Motion for More Definite Statement* (Doc. 26) is **DENIED WITHOUT PREJUDICE.** Patel can re-urge any argument made in his *MTD* in response to an amended counterclaim, if appropriate.

Signed in Baton Rouge, Louisiana, on <u>May 20, 2026</u>.

_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**